IN RE ESTATE OF MERRIL R. RELLER, DECEASED. VIRGINIA RELLER, EXECUTRIX OF THE ESTATE OF MERRIL R. RELLER, DECEASED, APPELLEE, v. JOHN MCARTHUR ET AL., APPELLANTS.

189 N. W. 2d 468

Filed September 3, 1971. No. 37861.

A. James McArthur, for appellants.

Charles S. Reed, William P. Kelley, and Pierson, Pierson & Fitchett, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This is an appeal from the judgment of the district court determining the amount of inheritance tax due from the estate of Merril R. Reller, deceased.

The inheritance tax liability was originally determined in the county court of Lancaster County, Nebraska, in proceedings to administer the estate of the deceased. The judgment of the district court was entered on September 14, 1970. From that judgment, John McArthur and Sally A. Hays have appealed to this court. The appellants contend that the pleadings and the evidence do not support the judgment.

The petition filed by the executrix in the district court alleged that the deceased had died testate on August 1, 1968, a resident of Lancaster County, Nebraska; and that the deceased was the owner of property having a value of $2,090,673.98 as shown on an itemized list attached to the petition. The petition prayed that the liability of the estate for inheritance tax be determined. This pleading was sufficient to invoke the jurisdiction of the court. § 77-2018.01, R. R. S. 1943.

On May 25, 1970, this proceeding was consolidated with the action to construe the will of the deceased. As a result, the trial court was able to consider the evidence introduced in both cases in determining the inheritance tax.

The evidence shows the property of the deceased, its value, the distribution made by the will, the costs and expenses of administration, and the federal and state

estate taxes paid by the executrix. This evidence was sufficient to enable the court to determine the inheritance tax due from each of the beneficiaries. The apportionment of estate taxes was proper under section 77-2108, R. R. S. 1943.

The judgment of the district court is affirmed.

AFFIRMED.